Harold G. Furlow, Esq.
260 West Main Street, Suite 10
Bay Shore, New York 11706
(631) 581-6700 (phone)
(631) 581-6710 (fax)
Harold_furlow@hotmail.com

Counsel to Plaintiffs Raymond Jaquez and Multi-Vitamin Energy Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| RAYMOND JAQUEZ and MULTI-VITAMIN ENERGY CORP., | : | 10 Civ. 4972 (RMB) |
| | : | |
| | : | **PLAINTIFF AND COUNTER** |
| Plaintiffs, | : | **DEFENDANTS RAYMOND** |
| | : | **JAQUEZ AND MULTI-VITAMIN** |
| v. | : | **ENERGY CORP. ANSWER TO** |
| | : | **COUNTERCLAIMS OF** |
| ENERGY BRANDS, INC., | : | **DEFENDANT AND** |
| | : | **COUNTERCLAIMANT ENERGY** |
| Defendant. | : | **BRANDS, INC.** |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Raymond Jaquez and Multi-Vitamin Energy Corp. ("Jaquez and MVEC") by their

attorney, Harold G. Furlow, Esq., hereby answers the Counterclaims of defendant and

counter claimant Energy Brands, Inc.  Jaquez and MVEC hereby respond to the numbered

paragraphs of the Counterclaims, and in so doing denies the allegations of the

Counterclaims except as specifically stated herein.

### NATURE OF THE ACTION

1.  Answering paragraph 1 of the Counterclaims, Jaquez and MVEC admit to

owning trademarks used by Multi-Vitamin Energy Corp.  Multi-Vitamin Energy Corp.

admits to offering and selling Multi Vitamin Enhanced Water® products.  As to the

remainder of this paragraph, Jaquez and MVEC are without information or belief sufficient

to respond to the allegations stated therein, and on that basis, deny generally and

specifically such allegations.

2. Answering paragraph 2 of the Counterclaims, the exhibit referenced in this

paragraph is the best evidence of its contents and as such the document speaks for itself.

As to the remainder of this paragraph, Jaquez and MVEC are without information and

belief sufficient to respond to the allegations stated therein, and on that basis deny

generally and specifically such allegations.

3. Answering paragraph 3 of the Counterclaims, the allegations in this paragraph

are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and

MVEC are not required to admit or deny.  Jaquez and MVEC admit the agreement

contained in the Exhibit A of the Complaint.  As to the remainder of this paragraph to the

extent necessary, Jaquez and MVEC are without information or belief sufficient to respond

to the allegations stated therein, and on that basis, deny generally and specifically such

allegations.

4. Answering paragraph 4 of the Counterclaims, the exhibit referenced in this

paragraph is the best evidence of its contents and as such the document speaks for itself.

As to the remainder of this paragraph, Jaquez and MVEC are without information and

belief sufficient to respond to the allegations stated therein, and on that basis deny

generally and specifically such allegations.

2

5. Answering paragraph 5 of the Counterclaims, the allegations in this paragraph are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and MVEC are not required to admit or deny. As to the remainder of this paragraph to the extent necessary, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

6. Answering paragraph 6 of the Counterclaims, the exhibit referenced in this paragraph is the best evidence of its contents and as such the document speaks for itself. As to the remainder of this paragraph, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

7. Answering paragraph 7 of the Counterclaims, the allegations in this paragraph are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and MVEC are not required to admit or deny. As to the remainder of this paragraph to the extent necessary, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

8. Answering paragraph 8 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## THE PARTIES

9.  Answering paragraph 9 of the Counterclaims, Jaquez and MVEC are informed and believe, that Energy Brands is a corporation organized and existing under the laws of the State of New York with a principal place of business in Whitestone, New York.  As to the remainder of the paragraph, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

10.  Answering paragraph 10 of the Counterclaims, Jaquez and MVEC admit that Raymond Jaquez is also known as Raymon Jaquez (Spanish translation) and Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

11.  Answering paragraph 11 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## JURISDICTION AND VENUE

12.  Answering paragraph 12 of the Counterclaims, the allegations in this paragraph are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and MVEC are not required to admit or deny.  To the extent necessary, Jaquez and MVEC admit that this Court has jurisdiction over subject matter of this action under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338 and denies the remainder of the allegations of paragraph 12.

13. Answering paragraph 13 of the Counterclaims, the allegations in this paragraph are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and MVEC are not required to admit or deny. To the extent necessary admits the allegations in paragraph 13.

14. Answering paragraph 14 of the Counterclaims, the allegations in this paragraph are primarily argumentative and/or legal rather than factual matter, and thus Jaquez and MVEC are not required to admit or deny. To the extent necessary admits the allegations in paragraph 14.

## THE VITAMINWATER® PRODUCT LINE, TRADEMARK AND TRADE DRESS

15. Answering paragraph 15 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

16. Answering paragraph 16 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

17. Answering paragraph 17 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

18. Answering paragraph 18 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

19.  Answering paragraph 19 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

20.  Answering paragraph 20 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## ADVERTISING, MARKETING AND SALES OF VITAMINWATER® ENHANCED WATER BEVERAGES

21.  Answering paragraph 21 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

22.  Answering paragraph 22 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

23.  Answering paragraph 23 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

24.  Answering paragraph 24 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

25.  Answering paragraph 25 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## PRIOR ACTIONS TO PROTECT THE
## VITAMINWATER® TRADEMARK AND TRADE DRESS

26.  Answering paragraph 26 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

27.  Answering paragraph 27 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

28.  Answering paragraph 28 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## LIKELIHOOD OF CONFUSION AND
## COUNTERCLAIM-DEFENDANTS' BAD FAITH

29.  Answering paragraph 29 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

30.  Answering paragraph 30 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

31. Answering paragraph 31 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

32. Answering paragraph 32 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

33. Answering paragraph 33 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

34. Answering paragraph 34 of the Counterclaims, the Consent Order or Complaint's Exhibit B referenced in this paragraph is the best evidence of its contents and as such the document speaks for itself. As to the remainder of this paragraph, Jaquez and MVEC are without information and belief sufficient to respond to the allegations stated therein, and on that basis deny generally and specifically such allegations.

35. Answering paragraph 35 of the Counterclaims, the Consent Order or Complaint's Exhibit B referenced in this paragraph is the best evidence of its contents and as such the document speaks for itself. As to the remainder of this paragraph, Jaquez and MVEC are without information and belief sufficient to respond to the allegations stated therein, and on that basis deny generally and specifically such allegations.

36. Answering paragraph 36 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

37.  Answering paragraph 37 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

38.  Answering paragraph 38 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

39.  Answering paragraph 39 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

40.  Answering paragraph 40 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNTERCLAIM-DEFENDANT'S TRADEMARK APPLICATIONS AND REGISTRATIONS

41.  Answering paragraph 41 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## IRREPARABLE HARM

42.  Answering paragraph 42 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

43. Answering paragraph 43 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT I:  REGISTERED TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT

44. Answering paragraph 44 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

45. Answering paragraph 45 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

46. Answering paragraph 46 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

47. Answering paragraph 47 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

48. Answering paragraph 48 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

49.  Answering paragraph 49 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

50.  Answering paragraph 50 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

51.  Answering paragraph 51 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

52.  Answering paragraph 52 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT II:  TRADEMARK AND TRADE DRESS INFRINGEMENT, AND FALSE DESIGNATION OF ORIGIN, UNDER SECTION 43(a) OF THE LANHAM ACT

53.  Answering paragraph 53 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

54.  Answering paragraph 54 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

55. Answering paragraph 55 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT III:  TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER STATE LAW

56. Answering paragraph 56 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

57. Answering paragraph 57 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT IV: TRADEMARK AND TRADE DRESS DILUTION UNDER STATE LAW

58. Answering paragraph 58 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

59. Answering paragraph 59 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

60. Answering paragraph 60 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

61. Answering paragraph 61 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

62. Answering paragraph 62 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

<strong><u>COUNT V:  DECEPTIVE ACTS AND<br>PRACTICES UNDER STATE LAW</u></strong>

63. Answering paragraph 63 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

64. Answering paragraph 64 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

65. Answering paragraph 65 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

66. Answering paragraph 66 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT VI:  UNFAIR COMPETITION
## UNDER STATE COMMON LAW

67.  Answering paragraph 67 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

68.  Answering paragraph 68 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## COUNT VII:  BREACH OF CONTRACT AND CONTEMPT OF COURT

69.  Answering paragraph 69 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

70.  Answering paragraph 70 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

71.  Answering paragraph 71 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

72.  Answering paragraph 72 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

73. Answering paragraph 73 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

74. Answering paragraph 74 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

75. Answering paragraph 75 of the Counterclaims, Jaquez and MVEC are without information or belief sufficient to respond to the allegations stated therein, and on that basis, deny generally and specifically such allegations.

## RESPONSE TO PRAYER FOR RELIEF

Jaquez and MVEC are not obligated to respond to Counterclaimant's prayer for relief as a matter of law; however, to the extent necessary Jaquez and MVEC deny that Counterclaimant are entitled to any relief as stated in the Counterclaims or otherwise.

## AFFIRMATIVE DEFENSES

For further response to the Counterclaims, and as separate affirmative defenses, Jaquez and MVEC allege as follows:

### First Affirmative Defense

Counterclaimant fails to state claims upon which relief may be granted.

### Second Affirmative Defense

The claims of Counterclaimant are barred by all applicable statutes of limitations.

### Third Affirmative Defense

Counterclaimant lacks standing to bring their Counterclaims.

### Fourth Affirmative Defense

Counterclaimant has waived and/or are otherwise estopped from pursuing the claims and/or allegations contained the Counterclaims.

### Fifth Affirmative Defense

Counterclaimants failed to mitigate their damages.

### Sixth Affirmative Defense

Counterclaimant has not suffered any ascertainable damages in relation to any of the Counterclaims.

### Seventh Affirmative Defense

Counterclaimant has "unclean hands" with respect to the acts alleged in the Counterclaims and, therefore, is barred from maintaining the Counterclaims.

### Eighth Affirmative Defense

Jaquez and MVEC are informed and believe, and thereon allege, that at all times mentioned herein, Counterclaimant was negligent, careless, and reckless and unlawfully conducted acts so as to directly and proximately contribute to the happenings of the incidents and the occurrences of their claimed damages, all of which said negligence either bars completely, or partially, the damages sought by Counterclaimant.

### Ninth Affirmative Defense

Jaquez and MVEC are informed and believe, and thereon allege that Counterclaimant failed to exercise reasonable care and diligence to avoid loss and to minimize damages and therefore, Counterclaimants may not recover for losses which could have been prevented by reasonable efforts on Counterclaimant's part, or by expenditures

that might reasonably have been made and, therefore, Counterclaimant's recovery, if any, should be reduced by the failure of Counterclaimants to mitigate their damages, if any.

## **Tenth Affirmative Defense**

Jaquez and MVEC trademarks at issue are sufficiently distinct from Counterclaimant's claimed trademark and trade dress so as to obviate any probability of confusion as source or origin.

## **Eleventh Affirmative Defense**

Counterclaimant's trade dress do not constitute valid or enforceable trade dress and are merely compilations of generic and/or highly descriptive words, fonts, select colors and styles that are incapable as serving as trademarks; Jaquez and MVEC affirmatively assert, inter alia, that Counterclaimant's registered horizontally banded trade dress does not assert any one particular color scheme as alleged by Counterclaimant and that Counterclaimant is pursuing exclusivity beyond that of Counterclaimant's registered trade dress and the actual trade dress allegedly in use by Counterclaimant that is, inter alia, a "two-toned" label color scheme that has a "clinical" feel (See Complaint Exhibit C) that includes a lower white colored horizontal "band" and a top colored horizontal "band" that *functionally* matches the color of the beverage in the container and that, inter alia, Counterclaimant now seeks to extend exclusive control to further unreasonable ends over the trade dress of Jaquez and MVEC to any combination of the approximate color of the beverage and the color white in any form and independent of the clearly consistent depiction of horizontal "bands" when the trade dress of Jaquez and MVEC uses a distinct vertical band enclosing the Multi Vitamin Enhanced Water® trademark in varying sized fonts coordinated with the color of

the beverage in the container and an adjacent bottom to top white background that is commonly used in conjunction with additional Multi Vitamin Enhanced Water® trademarks and a depiction of a brilliant array of fruit consistent with the beverage; Jaquez and MVEC assert, inter alia, that Counterclaimant's trade dress is functional and generic and Counterclaimant should be denied exclusive control the generic color white and Counterclaimant should be denied exclusive control of any functional color relationship that approximately corresponds with the beverage in trade dress for any products and that Counterclaimant's registered trade dress and actual trade dress in use do not present a likelihood of confusion with the Jaquez and MVEC trade dress combination of a vertical band with an adjacent top to bottom white background and brilliantly colored fruit.

### Twelfth Affirmative Defense

Counterclaimant's trade dress registrations do not constitute valid or enforceable trade dress and is merely a compilation of functional elements that include a horizontal line and/or band that separates the top and bottom of the label in combination with one or more trademarks aligned perpendicular to the band; Jaquez and MVEC affirmatively assert, inter alia, that Counterclaimant's demand for exclusive perpendicular alignment of Counterclaimant's trademark is functional so as to only provide Counterclaimant with a readily readable trademark when the trade dress and container are positioned in a horizontal position while being dispensed from refrigerated display slide/rolling rack as is commonly done in the industry; Counterclaimant's demand for exclusivity to the perpendicular or top to bottom sideways alignment denies Jaquez and MVEC and others the ability to position their trademarks in this highly functional format so that the

18

trademarks can be fully legible when the container is positioned horizontally as the containers are commonly displayed and selected; Counterclaimant's trade dress is highly functional and Counterclaimant should be denied exclusive control of any functional alignments of trademarks that inhibit free competition and Counterclaimant's registered trade dress and actual trade dress of a vertical sideways alignment of Counterclaimant's trademark in two different colors over two horizontal bands of different colors does not present a  likelihood of confusion with the Jaquez and MVEC trade dress combination of a vertical band surrounding the uniformly colored trademark with an adjacent top to bottom white background upon which are positioned brilliantly colored fruit and additional horizontally positioned trademarks.

**Thirteenth Affirmative Defense**

Jaquez and MVEC, are informed and believe, and therefore allege, that Counterclaimant is engaged in improper, retaliatory, and bad faith conduct against Jaquez and MVEC and thus any recovery by Counterclaimant is barred or, alternatively, should be reduced proportionately to reflect such conduct.

**Fourteenth Affirmative Defense**

The goods associated with Jaquez and MVEC do not and will not actually, likely, or probably cause confusion, mistake or deception as to the source of any goods advertised, sold or distributed by Counterclaimant.

**Fifteenth Affirmative Defense**

Jaquez and MVEC have not used Counterclaimant's claimed trademark(s) or trade dress in connection with any advertising, sale, or distribution of Jaquez and MVEC goods,

19

and have not otherwise used Counterclaimant's claimed trademark(s) or trade dress in any manner whatsoever.

### Sixteenth Affirmative Defense

Counterclaimant's registrations of their claimed trademark(s) and trade dress are void by reason of Counterclaimant's failure to sell products bearing the mark that are identified in the description of goods stated in the registration.

### Seventeenth Affirmative Defense

Counterclaimant's claimed trademark(s) and trade dress are generic, merely descriptive, or otherwise not distinct protectable trademarks and trade dress and warrant cancellation.

### Eighteenth Affirmative Defense

Counterclaimant's Counterclaims, to the extent they seek punitive or exemplary damages, violate Jaquez and MVEC protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution, and violate Jaquez and MVEC rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution.

### Nineteenth Affirmative Defense

Counterclaimant's Counterclaims for relief do not state facts sufficient to enable Counterclaimants to recover exemplary or punitive damages.

### Twentieth Affirmative Defense

Counterclaimant's Counterclaims for relief do not state facts sufficient to enable Counterclaimant's to recover attorney's fees.

### Twenty-First Affirmative Defense

Counterclaimant fails to demonstrate a likelihood of success on the merits and do not support the granting of a preliminary injunction.

### Twenty-Second Affirmative Defense

Counterclaimant fails to demonstrate that Counterclaimant is likely to suffer irreparable harm or injury and said failure does not support the granting of a preliminary injunction.

### Twenty-Third Affirmative Defense

Counterclaimant fails to demonstrate a balance of harms in favor the Counterclaimant and said failure does not support the granting of a preliminary injunction.

### Twenty-Fourth Affirmative Defense

Counterclaimant fails to demonstrate that a preliminary injunction of Jaquez and MVEC would serve the public interest.

### Twenty-Fifth Affirmative Defense

Counterclaimant fails to demonstrate a timely filing of a preliminary injunction in that Counterclaimant has had long standing notice of Jaquez and MVEC trademarks and trade dress that Counterclaimant has placed in issue and said notice in many instances exceeds one year and is therefore barred by laches and/or acquiescence.

### Twenty-Sixth Affirmative Defense

Jaquez and MVEC, are informed and believe and therefore allege, that Counterclaimant is engaged in improper, retaliatory and bad faith conduct against Jaquez and MVEC to intimidate, harass and eliminate competition such that Counterclaimant can

expand into and absorb the trademarks, trade dress and good will of Jaquez and MVEC as depicted in Counterclaimant's latest product "ZERO" that includes, inter alia, a reversed color scheme of a white upper band and a lower color coordinated band (See Complaint Exhibit G) and thus any recovery by Counterclaimant is barred or, alternatively, should be reduced proportionately to reflect such conduct.

### Twenty-Seventh Affirmative Defense

Jaquez and MVEC, affirmatively assert that Jaquez and MVEC adopted the Multi Vitamin Enhanced Water trademarks and trade dress in good faith and that said trademarks and trade dress are distinct from Counterclaimant's allegations of the "clinical" feel of Counterclaimant's trademark(s) and trade dress (See Complaint Exhibit C) and that Counterclaimant is engaged in a vague, expansive and dynamic redefining of Counterclaimant's registered trade dress and trademark(s) that constitute improper and bad faith conduct against Jaquez and MVEC and solely serves to intimidate competition and/or eliminate the trademarks, trade dress and good will of Jaquez and MVEC such that Counterclaimant can expand into and absorb the trademarks, trade dress and good will of Jaquez and MVEC and thus any recovery by Counterclaimant is barred or, alternatively, should be reduced proportionately to reflect such conduct.

### Twenty-Eighth Affirmative Defense

Jaquez and MVEC, affirmatively assert that Counterclaimant's registered trade dress, if held to be valid, does not identify any specific color as an element, is consistently defined by distinct horizontal bands and includes functional elements, includes generic elements and that Counterclaimant knows or should know that Counterclaimant's trade

dress assertions are fundamentally functional and generic and beyond the scope of the registered trade dress such that Counterclaimant is fundamentally disingenuous and acting in bad faith and thus any recovery by Counterclaimant is barred or, alternatively, should be reduced proportionately to reflect such conduct or yet alternatively Counterclaimant's egregious conduct should result in the cancellation of Counterclaimant's trade dress registrations.

## Twenty-Ninth Affirmative Defense

Jaquez and MVEC, respectfully submit that Counterclaimant's trade dress and trademarks and the trade dress and trademarks of Jaquez and MVEC have co-existed since in many instances for over one year and Counterclaimant has not documented a single case of actual confusion and that the respective trade dress and trademarks of Counterclaimant and Jaquez and MVEC will not lead to confusion in the future and therefore Counterclaimant's counterclaims should be dismissed in their entirety.

## Thirtieth Affirmative Defense

Jaquez and MVEC, are informed and believe, and therefore allege that Counterclaimant's survey was not performed under market conditions and therefore is unreliable.

## Thirty-First Affirmative Defense

Jaquez and MVEC, are informed and believe, and therefore allege that Counterclaimant's survey was independent of trade dress and validated the generic nature of the Counterclaimant's trademark and trade dress.

### Thirty-Second Affirmative Defense

Jaquez and MVEC, reserve the right to raise additional affirmative defenses up to the time including after trial.

WHEREFORE, JAQUEZ AND MVEC pray for the following relief:

1. That Counterclaimant takes nothing by Counterclaims;

2. For an award of attorney fees where afforded by law;

3. For costs of suit; and,

4. For such other and further relief as this Court deems just and appropriate.

### JURY TRIAL DEMAND

Plaintiff and Counterdefendant Raymond Jaquez and Multi-Vitamin Energy Corp. concur with the demand for a trial by jury on all claims as to which a jury trial may be had, but reserve the right to move for Summary Judgment at any time.

Dated:  August 30, 2010

HAROLD G. FURLOW, ESQ.
Attorney for Plaintiffs and
Counterdefendants Raymond Jaquez
and Multi-Vitamin Energy Corp.