HAROLD G. FURLOW
ATTORNEY AT LAW
260 MONTAUK HIGHWAY, SUITE 10
BAY SHORE, NEW YORK 11706
(631) 581-6700
FAX: (631) 581-6710
HAROLD_FURLOW@HOTMAIL.COM

RECEIVED SEP 15 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/30

United States District Court
Southern District of New York
United States Courthouse
Attn: The Honorable Richard M. Berman
United States District Judge
40 Centre Street, Courtroom 706
New York, New York 10007

MEMO ENDORSED pg. 2

September 2010

Re: 10 CV 4972 Raymond Jaquez and Multi-Vitamin Energy Corp. v. Energy Brands, Inc.; Request for Pre-Motion Conference for Summary Judgment Motion

Honorable Richard M. Berman:

Plaintiffs Raymond Jaquez and Multi-Vitamin Energy Corp. request the conference scheduled for September 20, 2010 include a Pre-Motion Conference for a motion for summary judgment in accordance with the Individual Practices specified by this Court.

Plaintiffs respectfully submit that the sole issue before this Court is whether the trade dress of the plaintiffs is likely to cause confusion relative to the trade dress of the defendant. Plaintiffs respectfully submit that in accordance with Fed. R. Civ, P. 56(c) there is no genuine issue as to any material fact and that Plaintiffs are entitled to Summary Judgment as a matter of law.

Plaintiffs seek the opportunity that even though the evidence must be viewed in the light most favorable to the defendant, *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F. 3d 450, 456 (2d Cir 2007), the defendant must raise a genuine issue of material fact and that to do so, it must show that there is more than "some metaphysical doubt as to the material facts."

Plaintiffs respectfully submit that the trade dress of Multi Vitamin Enhanced Water products is distinct from those of Energy Brands for the following reasons:

(1) Plaintiffs' trade dress lacks any horizontal demarcation;
(2) Plaintiffs' trade dress has a variety of colors and lacks the distinct two-toned horizontally divided color scheme of the products of Energy Brands (white below the

horizontal line and a second color coordinated functionally with the color of the product above the horizontal line);

(3) Plaintiffs' Multi Vitamin Enhanced Water® trademark is distinct from the defendant's VitaminWater® mark, positioned both in a sideways vertical alignment and a horizontal alignment in proximity to the top of the label to clearly identify plaintiffs' products from that of defendants and positioned within a distinctive vertical band;

(4) Plaintiffs' trade dress includes fanciful arrangements of colorful fruit that is distinct from the admitted "clinical" appearance of Energy Brands products; and

(5) the combination of the above substantially distances the overall appearance of plaintiffs' Multi Vitamin Enhanced Water® products from that of defendant's products and substantially reduces any likelihood of confusion.

Further, plaintiffs respectfully submit that the trade dress of defendant Energy Brands is highly functional and defendant's emphasis of color is specifically functional relative to product ingredient/color. See *L.D. Kichler Co. V. Davoil, Inc.*, 52 U.S.P.Q.2d 1307, 1310 (Fed. Cir. 1999).

Additionally, the sideways vertical alignment of the mark VitaminWater® in defendant's trade dress is *de jure* functional and highly common to trade dress in the industry. The defendant seeks to exclusive use of this alignment in combination with (or any other) uses of the generic words "vitamin" and "water." Plaintiffs submit that the vertical alignment exclusively claimed by defendant is important for product identification when the product is dispensed horizontally which is common in many retail establishments.

In summary, plaintiffs seek a summary judgment motion and a finding of non-infringement and respectfully request the scheduled pre-trial conference accommodate this request.

Very truly yours,

*Harold G. Furlow*

Harold G. Furlow
Attorney for Plaintiffs
and Counter-Defendant

Copy to:
David H. Bernstein, DeBevoise & Plimpton LLP
Attorney for Defendant and Counter-Plaintiff

> Defendant to respond by 9/17. We will discuss this issue at the conference on 9/20/10.
>
> SO ORDERED:
> Date: 9/15/10
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

2